UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

JOHN N. PRICE

                                       Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF CORRECTIONS,

                                       Defendants.

**STIPULATION AND ORDER OF SETTLEMENT AND DISCONTINUANCE**

03 Civ 3558 (NGG)(LB)

------------------------------------------------------------------ x

**WHEREAS,** plaintiff commenced this action by filing a complaint on or about July 2003, alleging employment discrimination; and

**WHEREAS,** defendant has denied any and all liability arising out of plaintiff's allegations; and

**WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed, with prejudice, and without costs, expenses, or fees.

2. Defendant hereby agrees to remove from the command file and the personnel file for plaintiff, and place in the Health Management Division ("HMD") file for plaintiff, any documents that reference:

- the investigation conducted by the Department of Investigations/Office of the Inspector General,
- the January 10, 2001 determination that plaintiff was "psychologically unfit" to possess/carry a departmental/personal firearm,

- the Department of Correction identification card containing a no firearm restriction,
- the "code 05" indicating removal from duty for psychological reasons.

Further, a memorandum will be placed in plaintiff's HMD file, which will state:

> "On or about January 7, 2001 a confidential informant made a report concerning Correction Officer John N. Price. (A written report was made on January 18, 2001). An initial investigation was conducted by the Department of Investigations/ Office of the Inspector General to look into the allegations contained in the report. As a result, C.O. Price was referred to the Health Management Division. Following an examination, on January 10, 2001, C.O. Price was classified "psychologically unfit" to possess/carry a departmental/personal firearm. Thereafter, C.O. Price's Department of Correction identification card contained a no firearm restriction. Upon a subsequent examination, on October 27, 2004, C.O. Price was deemed "fit" to possess/carry a departmental/personal firearm. Shortly thereafter C.O. Price had his privilege to possess/carry a departmental/personal firearm restored, and a new identification card issued.
>
> No further investigation by the Inspector General was conducted, and no other incidents were reported."

In addition, a three page letter, with attachments, written by plaintiff and addressed to the Honorable Lois Bloom, dated April 11, 2005 will be included in plaintiff's HMD file. The documents described in this paragraph will be bound together as a single packet.

3. In consideration for the above actions, plaintiff agrees to dismissal of all the claims and to release the City of New York, the DOC, their successors or assigns and all present or former officials, employees, representatives or agents of the City of New York, and the City of New York from any and all liability, claims, or rights of action arising from the allegations set forth in the complaint, including claims for costs, expenses and attorney fees.

4. By executing this agreement, plaintiff acknowledges that in accordance with the Older Workers Benefit Protection Act (29 U.S.C. §626), (i) he enters into this Stipulation voluntarily and with full understanding and knowledge of its consequences; (ii) he has been advised to consult with an attorney before executing this Stipulation; (iii) he has been provided with at least a twenty-one (21) day period to review and consider whether to sign this Stipulation and (iv) he has been advised that he has seven (7) days following his execution to revoke it (the "Revocation Period").

5. This Stipulation will not be effective and enforceable until the Revocation Period has expired. Such revocation shall only be effective if an originally executed written notice or revocation is delivered to defendant's counsel on or before 5:00 p.m. on the seventh day after the date of plaintiff's execution of this Stipulation. If so revoked, this Stipulation shall be deemed to be void ab initio and have no force or effect.

6. Plaintiff shall execute and deliver to defendant's attorney all documents necessary to effect this settlement, including, without limitation, and a release based on the terms of paragraph 2 above.

7. Nothing contained herein shall be deemed to be an admission by the City of New York, or the DOC, that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

8. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York.

9. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:   New York, New York
         May 24, 2005

**JOHN N. PRICE**
*Pro se* Plaintiff
490 Herzl Avenue
Apartment 11
Brooklyn, New York 11212

By: _____
    John N. Price

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendant
100 Church Street, Room 2-107
New York, N.Y. 10007
(212) 788-0860

By: _____
    Holly R. Winefsky (HW 3004)
    Assistant Corporation Counsel

SO ORDERED:

_____ U.S.D.J.
June 1, 2005

03 Civ. 3558 (NGG)(LB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOHN N. PRICE,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
CORRECTIONS,

Defendants.

**STIPULATION AND ORDER OF SETTLEMENT
AND DISCONTINUANCE**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Holly R. Winefsky*
*Tel: (212) 788-0860*
*NYCLIS No. 03le000302*

*Due and timely service is hereby admitted.*

*New York, N.Y. ................................., 2005*

*........................................................................Esq.*

*Attorney for.........................................................*

# RELEASE

**KNOW THAT I,** John N. Price, the plaintiff in the action entitled "<u>John N. Price v. New York City Department of Corrections</u>, Docket No. 03 CV 3558 (NGG)(LB)," in consideration of the terms and conditions delineated in the Stipulation and Order of Settlement and Discontinuance, do hereby release and discharge the defendant, its successors, or assigns, and all past and present officials, employees, representatives and agents of the New York City Department of Correction and the City of New York from any and all liability for claims from the beginning of the world to the date this Release is signed including all claims for attorney's fees and costs.

Plaintiff acknowledges that in accord with the Older Workers Benefit Protection Act (i) he enters into this Release voluntarily and with full understanding and knowledge of its consequences; (ii) he has been advised by defendant to consult with an attorney before executing this Release; (iii) he has been provided with at least a twenty-one (21) day period to review and consider whether to sign this Release; and (iv) he has been advised that he has seven (7) days following execution to revoke it (the "Revocation Period"). This Release will not be effective and enforceable until the Revocation Period has expired. Such revocation shall only be effective if an originally executed written notice of revocation is delivered to defendant's counsel on or before 5:00 p.m. on the seventh day after execution of this Release. If so revoked, this Release

shall be deemed to be void <u>ab</u> <u>initio</u> and have no force or effect.

This Release may not be changed orally.

**THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.**

_____
JOHN N. PRICE

IN WITNESS WHEREOF, I have executed this Release this 24th day of May, 2005.

STATE OF NEW YORK, COUNTY OF Kings SS.:
On May 24 2005 New York
before me personally came JOHN N. PRICE to me known, and known to me to be the individual(s) described in, and who executed the foregoing RELEASE, and duly acknowledged to me that he executed the same.

_____
NOTARY

JOHNNY W VELEZ
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01VE6106116
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES APRIL 25 2009